UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE POKÉMON COMPANY INTERNATIONAL, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CRYSTAL CARVINGS, LLC, a Kentucky limited liability company; CLIFFORD NAIMAN, an individual,<br><br>    Defendants. | Case No.  2:16-cv-00122<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

The Pokémon Company International, Inc. ("TPCi") brings this action against Clifford Naiman and his company, Crystal Carvings, LLC, alleging copyright infringement in connection with Defendants' reproduction and distribution of TPCi's copyrighted Pokémon characters and images in unlicensed "crystal" "Poké Balls." Defendants' infringing activities have continued notwithstanding full knowledge of TPCi's rights as demonstrated in part by Defendants' belated request for a license from TPCi to produce the infringing "Poké Balls" at issue in this case. TPCi seeks damages, injunctive relief, and attorneys' fees as described herein.

## THE PARTIES

1.      TPCi is a corporation formed under the laws of the State of Delaware with its principal place of business located at 601 108th Avenue NE, Suite 1600, Bellevue, Washington 98004.

COMPLAINT – 1

focal PLLC
800 Fifth Avenue, Ste. 4100
Seattle, Washington 98104
telephone (206) 718-4250
fax (206) 260-3966

2.      Upon information and belief, Defendant Crystal Carvings, LLC is a limited liability company formed under the laws of the State of Kentucky, with its principal place of business located at 359 Foreman Avenue, Suite 106, Lexington, Kentucky 40508.

3.      Upon information and belief, Defendant Clifford Naiman is an individual residing in Lexington, Kentucky, who creates and sells the infringing "Poké Balls" at issue in this case under the name "PokeMasterCrafter" and/or through his company, Defendant Crystal Carvings.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because it alleges violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*

5.      This Court has personal jurisdiction over Defendants because, on information and belief, Defendants transact business in the State of Washington, ship their products to the State of Washington, and target advertising to the State of Washington and prospective consumers here. Upon further information and belief, Defendants also generate substantial revenue from online sales of the infringing "Poké Balls" through their store on the highly interactive and nationally (and internationally) accessible Etsy website. This Court also enjoys personal jurisdiction over Defendants because this dispute arises from Defendants' intentionally tortious conduct—namely, willfully and deliberately infringing TPCi's intellectual property—such that Defendants have specifically targeted and injured TPCi, who resides in this judicial district. Indeed, Defendants continue to sell their infringing items after contacting TPCi at its office in Bellevue, Washington in an attempt to belatedly procure a license (which was not granted).

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and has harmed TPCi's intellectual property located in this judicial district.

## FACTUAL ALLEGATIONS

A.      **The Pokémon Trading Card Game**

7.      TPCi manufactures, markets, and distributes a variety of children's entertainment products, including movies, television shows, games, and toys throughout the United States and

COMPLAINT – 2

**focal** PLLC
800 Fifth Avenue, Ste. 4100
Seattle, Washington 98104
telephone (206) 529-2520
fax (206) 260-3966

around the world.

8.     At the center of TPCi's business is the wildly-popular Pokémon trading card game (the "Pokémon TCG"). The trading cards each represent a unique character or "Pokémon." Players take the role of "Trainers" and use their Pokémon to battle the other Trainers' creatures. Between games, players collect cards to assemble their optimal decks. Since the introduction of the Pokémon TCG, TPCi has released thousands of trading cards, developing a rich and diverse Pokémon universe populated by more than 700 unique characters.

9.     Pokémon TCG cards contain original artwork depicting elements of the Pokémon universe (as in the case of the Poké Ball) or a Pokémon character (including the character's powers and abilities and a description of the character), and other data indicating the card's value. For example, following are images of cards depicting the Pokémon Pikachu and the Poké Ball, two of the most iconic symbols of the Pokémon brand:

 

10.     TPCi owns exclusive rights under the Copyright Act for the artwork and characters that TPCi has developed over thousands of trading cards for more than a decade, and TPCi registers the works with the United States Copyright Office (collectively, the "Pokémon Works"). Attached hereto as **Exhibit A** is a chart of a selection of TPCi's copyright registrations in these visual works and the corresponding registration certificates, including the copyrights in the Pokémon TCG cards depicted herein.

11.     TPCi products, and specifically the Pokémon TCG expansion sets, are rolled out to significant fanfare and marketed to millions of users both in the United States and around the world. In 2014 alone, TPCi invested more than $6 million in domestic advertising and

COMPLAINT – 3

focal PLLC
focal PLLC
800 Fifth Avenue, Ste. 4100
Seattle, Washington 98104
telephone (206) 529-4827
fax (206) 260-3966

1  promotions associated with the Pokémon TCG. TPCi products are directed at and enjoyed by

2  users of all ages.

3       12.    TPCi features the Pokémon characters and other elements of the Pokémon

4  universe not only in its vastly successful Pokémon TCG, but also in a wide variety of clothing,

5  books, toys, and other merchandise (the "Pokémon Merchandise") that TPCi creates and sells,

6  both directly and through a worldwide network of licensees. In 2014 alone, TPCi's worldwide

7  retail sales revenue for Pokémon Merchandise totaled $2 billion.

8       13.    The iconic characters and comprehensive Pokémon world that appear in the

9  Pokémon TCG also provide a rich source of content for the 18 seasons of TPCi's long-running

10  televised series of Pokémon cartoons and 18 full-length animated Pokémon motion pictures.

11       14.    Through appearances in the Pokémon television series and films, together with

12  years of development through the Pokémon TCG and Pokémon Merchandise, several Pokémon

13  characters have emerged as icons and highly recognizable members of the Pokémon universe.

14       15.    Pikachu, the most recognizable Pokémon within the Pokémon universe, has

15  become TPCi's principal mascot for the company and the Pokémon brand worldwide. Sample

16  images of this iconic Pokémon appear below:




23       16.    As a central character in the Pokémon universe, Pikachu also appears in the vast

24  majority of TPCi's Pokémon game content. Pikachu has appeared on more than 70 Pokémon

25  TCG cards since Pikachu's game debut in 1998, and is featured in or around the branding for

26  championship tournaments and other events TPCi organizes with respect to the Pokémon TCG.

27  Pikachu has consistently featured in Pokémon Merchandise since its introduction, and TPCi's

COMPLAINT – 4

**focal** PLLC
**focal** PLLC
800 Fifth Avenue, Ste. 4100
800 Fifth Avenue, Ste. 4100
Seattle, Washington 98104
Seattle, Washington 98104
telephone (206) 529-4827
telephone (206) 529-4827
fax (206) 260-3966
fax (206) 260-3966
206.260.3966

prominent use of Pikachu in such merchandise has generated enormous consumer recognition.

17.     Like Pikachu, the Pokémon Poké Ball is an iconic and instantly recognizable symbol of the Pokémon brand and the Pokémon universe as a whole. In addition to appearing on the back of each Pokémon TCG card, the Poké Ball is frequently featured in a variety of Pokémon Merchandise, including Poké Ball toys, Poké Ball apparel, and Poké Ball accessories. The Poké Ball is also featured in TPCi's "Play! Pokémon" logo for its international program of live Pokémon TCG and video game events and other related branding, such as the Pokémon League logo shown below at right:

 

18.     Other Pokémon characters are also highly recognizable as a result of their inclusion in the group of original Pokémon introduced in the late 1990s. Bulbasaur, Squirtle, Charmander and Charizard are four such Pokémon.

19.     Bulbasaur made its Pokémon TCG debut in 1998, and has since appeared on more than 15 cards. As one of the original, first Pokémon, Bulbasaur has been featured frequently in Pokémon Merchandise. Images of Bulbasaur appear below:

 

20.     Squirtle is another of the original Pokémon. Like its fellow pioneering Pokémon Bulbasaur, Squirtle made its Pokémon TCG debut in 1998 and has gone on to be featured on more than 15 cards. Squirtle also features in a variety of Pokémon Merchandise, including books, toys, games, apparel, and accessories. Images of Squirtle follow:

COMPLAINT – 5

focal PLLC
800 Fifth Avenue, Suite 4100
Seattle, Washington 98104
telephone (206) 529-3955
fax (206) 260-3966





21.    The Pokémon character Charizard has also generated a strong following among Pokémon fans and has been regularly featured in both the Pokémon TCG and Pokémon Merchandise. Images of this popular Pokémon are shown below:



22.    Charmander, pictured below, also debuted as part of the initial wave of Pokémon. Since its Pokémon TCG debut in 1998, Charmander has appeared on more than 15 cards and continues to be featured in multiple Pokémon Merchandise.





23.    Pikachu, Bulbasaur, Squirtle, Charizard and Charmander each demonstrate how Pokémon characters cultivate appeal among Pokémon fans and emerge as central elements for the designs that TPCi selects for its apparel, accessories, and other Pokémon Merchandise.

COMPLAINT – 6

**B.      Defendants' Creation and Sale of the Infringing "Poké Balls"**

24.      Upon information and belief, Defendant Clifford Naiman, aka "PokeMasterCrafter," creates crystal "Poké Balls" containing engraved Pokémon characters and including a LED-equipped base that Naiman markets and sells through the "PokeMasterCrafter" store (www.etsy.com/shop/PokeMasterCrafter?ref=profile_shopname) on Etsy, a gargantuan online marketplace that claims to have 1.5 million active sellers, 22.6 million active buyers and reports $1.93 billion in gross merchandise sales in 2014. (*See* www.etsy.com/about/?ref=ftr, last visited Dec. 31, 2015.)

25.      Although Naiman is not explicitly identified as the owner of the Etsy "PokeMasterCrafter" store, his name appears in the "contact the store owner" URL: www.etsy.com/people/cliffordnaiman?ref=owner_profile_leftnav (last visited Dec. 30, 2015).

26.      Upon information and belief, Naiman also markets and sells the "Poké Balls" at conventions, including Indy PopCon 2015 and the Lexington Comic and Toy Convention 2015.

27.      The "Poké Balls" feature a number of TPCi's Pokémon characters, including at least Pikachu, Charizard, Dragonite, Scyther, Mewtwo, Arcanine, Gengar, Eevee, Mew, Blastoise, Squirtle, Bulbasaur, and Charmander as well as the Pokémon Poké Ball. Upon information and belief, customers can also request that Naiman create a "Poké Ball" featuring any of the original 151 Pokémon.

28.      Following are images of "Poké Balls" featuring three of TPCi's Pokémon—Pikachu, Charmander, and Bulbasaur—captured from the "PokeMasterCrafter" Etsy store:

  

29.      In marketing his "Poké Balls," Naiman specifically identified TPCi's Pokémon

COMPLAINT – 7

focal PLLC
800 Fifth Avenue, Suite 4100
Seattle, Washington 98104
telephone (206) 260-3966
fax (206) 260-3966

characters by name. Shown below are images of TPCi's Pokémon characters Pikachu, Charizard, Gengar, and Mewtwo followed by images of Defendants' "Poké Balls" featuring those characters that were captured from Naiman's "PokeMasterCrafter" Etsy store:



30.     TPCi first learned of Defendants' "Poké Balls" from an article dated May 25, 2015, posted on Kotaku entitled "An Etsy Shop For Crystal Poké Balls" (*see* kotaku.com/an-etsy-shop-for-crystal-pokeballs-1706810780, last visited Dec. 28, 2015). Similar reports on the "Poké Balls" appeared on other websites around the same time, including the following:

- "Etsy Store Struggling to Meet Demand for Crystal Pokeballs," dated May 26, 2015 on NZGamer.com (nzgamer.com/news/9043/etsy-store-struggling-to-meet-demand-for-crystal-pokeballs.html, last visited Dec. 30, 2015)

- "You Can Buy Your Very Own Stunning Crystal Poké Ball, with Shining Pokémon Inside," dated May 27, 2015 on gamnesia.com (www.gamnesia.com/news/you-can-buy-your-very-own-stunning-crystal-poke-ball-with-shining-pokemon-i, last visited Dec. 30, 2015)

- "Class Up Your Pokeball Collection With This Pokemon LED Light Display," dated May 25, 2015 on Nerdist.com (nerdist.com/class-up-your-pokeball-collection-with-this-pokemon-led-light-display/, last visited Dec. 30, 2015)

31.     After learning of the infringing "Poké Balls," TPCi printed a PDF of the Etsy "PokeMasterCrafter" store on May 26, 2015, at which time the store listed 449 sales. Attached

focal PLLC
focal PLLC
800 Fifth Avenue, Ste. 4100
Seattle, Washington 98104
telephone (206) 717-2250
fax (206) 260-3966

1  hereto as **Exhibit B** is a true and correct copy of the PDF.

2      32.    On May 26, 2015, TPCi sent a notice pursuant to the Digital Millennium

3  Copyright Act ("DMCA") to Etsy identifying Defendants' infringing "Poké Balls" and

4  requesting that the pages displaying the infringing products be removed. The next day, Etsy

5  notified TPCi that the infringing material had been removed. Upon information and belief,

6  Defendants did not issue a counter-notice to the DMCA notice sent by TPCi.

7      33.    In June 2015, an attorney representing Defendant Crystal Carvings contacted

8  TPCi via telephone and email at TPCi's offices in Bellevue, Washington requesting a license to

9  produce crystal products depicting TPCi's Pokémon characters. In response to TPCi's request for

10  further information about the company and the proposed products, the attorney disclosed in

11  email correspondence that Crystal Carvings was run by Clifford Naiman and provided pictures

12  of the products that were identical to the "Poké Balls" sold through the Etsy

13  "PokeMasterCrafter" store. Following are the images of the "Poké Balls" depicting TPCi's

14  Pokémon Mewtwo provided by the attorney representing Crystal Carvings:

  

20      34.    Notwithstanding the fact that the Etsy "PokeMasterCrafter" store stated that it had

21  449 sales when TPCi first learned of it in late May 2015, in requesting a license from TPCi in

22  mid-June 2015, counsel for Crystal Carvings represented that the company had made only "a

23  small number of test products to evaluate market interest and perfect its production capabilities."

24      35.    Upon information and belief, notwithstanding TPCi's DMCA notice to Etsy and

25  Defendants' subsequent (and belated) request for a license to use TPCi's Pokémon Works

26  (which license was never granted), Defendants have continued their infringing activity.

27      36.    For example, Defendants' continuing infringing activity is reflected on the Etsy

COMPLAINT – 9

focal PLLC
800 Fifth Avenue, Ste. 4100
Seattle, Washington 98104
telephone (206) 717-2253
fax (206) 260.3966

"PokeMasterCrafter" store. When TPCi captured a screenshot of the store on May 26, 2015, it listed 449 sales but as of December 31, 2015 (months after TPCi sent its DMCA notice to Etsy and months after TPCi received the licensing request), the store listed 841 sales, as shown by the two screenshots of those dates pictured below:




37.    Moreover, although the Etsy "PokeMasterCrafter" store claimed for a time to be "taking a short break" for a "vacation," it appears that customers could still purchase "Poké Balls" simply by emailing "PokeMasterCrafter" (aka Naiman) directly. For example, following is an image of a comment captured from Reddit demonstrating that, at least as of approximately August 2015, customers could still purchase "Poké Balls" by contacting "PokeMasterCrafter":



38.    There is even more recent evidence that Defendants continued to create and sell their infringing "Poké Balls" even during the "short break."

focal PLLC
focal LLC
800 Fifth Avenue, Suite. 4100
Seattle, Washington, 98104
telephone (206) 716-2250
Seattle, WA 98104
fax (206) 260-3966
206.260.3966

1   39.   For example, Defendants' "Poké Balls" were included in a "Holiday Gift Giving

2   Guide – 2015," which also identified Defendant Naiman as "PokeMaster Crafter" as shown

3   below (available at www.gamerassaultweekly.com/2015/12/holiday-gift-giving-guide-2015/, last

4   visited Jan. 5, 2016):



15   40.   And Tweets posted in December 2015 indicate that Defendants continued to

16   create and sell their infringing "Poké Balls," as shown in the images captured from Twitter on

17   December 31, 2015:




26   41.   Moreover, as of at least January 13, 2016, the Etsy "PokeMasterCrafter" store is

27   back in business selling the infringing "Poké Balls" for $100 (plus shipping), as shown in the

focal PLLC
800 Fifth Avenue, Suite 4100
Seattle, Washington 98104
telephone (206) 716-2250
fax (206) 260-3966

following screenshots captured on January 13, 2016:

 

42.     Defendants' conduct constitutes direct and willful infringement of TPCi's copyrighted Pokémon Works.

## CAUSE OF ACTION

### (Copyright Infringement, 17 U.S.C. § 101, *et seq.*)

43.     TPCi realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 42 above.

44.     Each of the Pokémon Works constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.

45.     TPCi is the sole owner of all exclusive rights in and to the Pokémon Works and the corresponding Certificates of Registration.

46.     Defendants have copied, created derivative works of, distributed copies to the public, and/or displayed publicly Pokémon Works without the consent or authority of TPCi, thereby directly infringing TPCi's exclusive rights under the Copyright Act.

47.     The foregoing acts of Defendants constitute infringement of TPCi's exclusive rights, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

48.     Defendants' actions were and are intentional, willful, wanton, and performed in disregard of TPCi's rights.

COMPLAINT – 12

focal PLLC
focal PLLC
800 Fifth Avenue, Ste. 4100
Seattle, Washington 98104
telephone (206) 717-2300
fax (206) 260-3966
206.260.3966

49.    TPCi is entitled to injunctive relief pursuant to 17 U.S.C. § 502. TPCi has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) TPCi's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' continued infringement harms TPCi such that TPCi could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to TPCi, is continuing.

50.    TPCi has been and will continue to be damaged, and Defendants have been unjustly enriched, by Defendants' unlawful infringement of TPCi's copyrighted Pokémon Works in an amount to be proven at trial.

51.    Alternatively, TPCi is entitled to statutory damages under 17 U.S.C. § 504(c), which damages, for the reasons set forth above, should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

52.    TPCi is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, TPCi respectfully requests judgment be entered in its favor and against Defendants as follows:

1.    A permanent injunction enjoining and restraining Defendants, and all persons or entities acting in concert with them, during the pendency of this action and thereafter perpetually from copying, creating derivative works from, distributing copies of, and/or publicly displaying the Pokémon Works;

2.    An award of damages, including, but not limited to, compensatory, statutory, and punitive damages, as permitted by law;

3.    An award to TPCi of its costs of suit, including but not limited to, reasonable attorneys' fees, as permitted by law;

4.    An order under 17 U.S.C. § 503(b) requiring Defendants (A) to impound, on such terms as the Court may deem reasonable; (i) all copies claimed to have been made or used in

COMPLAINT – 13

focal PLLC
focal PLLC
800 Fifth Avenue, Ste. 4100
800 Fifth Avenue, Ste. 4100
Seattle, Washington 98104
Seattle, Washington 98104
telephone (206) 529-4827
telephone (206) 529-4827
fax (206) 260-3966
fax (206) 260-3966

violation of the exclusive right of TPCi; (ii) all plates, molds, matrices, masters, tapes, film

negatives, or other articles by means of which such copies may be reproduced; and (iii) all

records documenting the manufacture, sale, or receipt of things involved in any such violation,

provided that any records seized shall be taken into the custody of the Court; and (B) to destroy,

or otherwise reasonably dispose of, all copies found to have been made or used in violation of

TPCi's exclusive rights, and all plates, molds, matrices, masters, tapes, film negatives, or other

articles by means of which such copies may be reproduced; and

     5.     Such other relief as the Court deems just and proper.

Dated this 27th day of January, 2016.     Respectfully Submitted,

FOCAL PLLC

By: *s/ Venkat Balasubramani*
     *s/ Stacia N. Lay*
     Venkat Balasubramani, WSBA #28269
     Stacia N. Lay, WSBA #30594
     800 Fifth Avenue, Suite 4100
     Seattle, Washington 98104
     Tel: (206) 718-4250
     Fax: (206) 260-3966
     Email: venkat@focallaw.com
     Email: stacia@focallaw.com

     Attorneys for Plaintiff The Pokémon Company
     International, Inc.

COMPLAINT – 14

1

## DEMAND FOR JURY TRIAL

2      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, TPCi demands trial by jury

3   in this action of all issues so triable.

4   DATED: January 27, 2016                    FOCAL PLLC

5                                       By: *s/ Venkat Balasubramani*

6                                           Venkat Balasubramani, WSBA #28269

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

focal PLLC
800 Fifth Avenue, Ste. 4100
Seattle, Washington 98104
telephone (206) 529-4827
fax (206) 260-3966